Simon, J.
The appellant, as administrator of the estate of Williams, having filed in the Court of Probates an account entitled, “ Account of David Thomas, Administrator of Capt. James Williams, deceased, late of the parish of West Feliciana,” made application to said court, by petition, praying that the account might be homologated. This account exhibits certain disbursements made on account of the succession, for which the administrator claims credit; and shows, that the estate has several outstanding claims yet uncollected. It alludes to several other debts due by the succession, without giving any detailed statement thereof, and concludes by stating that, as soon as the applicant can receive the sums due, he expects to file his tableau of distribution.
Opposition was made to this account by Charles M’Micken, one of the creditors of the succession, (see 1 Robinson, 393,) on several grounds, to wit; 1st. That it does not call together all the creditors, in order that their claims may be acted upon concurrently. 2d. That it does not distribute, pro rata, the funds on hand. 3d. That it does not classify the creditors. 4th. That it purports to have given undue preference to a part of the creditors, by payments made to them unduly, and without legal authority. 5th. That the opponent’s demand should have been *47 paid, or put with all the creditors upon a tableau of distribution, to be paid concurrently with them. The opposition concludes by praying that the account filed may be rejected, and by requiring that the administrator be ordered to exhibit his bank book, and show the amount of money in his hands belonging to the estate, and to file an account in due form, distributing the same amongst all the creditors, &c.
The inferior court rendered judgment, rejecting the account filed, and ordering the administrator to file a tableau of distribution of the funds of the estate on the third Monday of March following, (1843,) to exhibit his bank book, and to account for the moneys by him collected. From this judgment, the administrator has appealed.
It was shown on the trial, by divers receipts and other vouchers, that the payments made by the administrator, some of which were authorized by the Judge of Probates, so far only as to approve the legitimacy of the claims, but without any special order to the administrator to pay them, were really made ; but the account filed does not contain any list of the other creditors, or of the amounts due them respectively : does not exhibit any active or passive debts of the estate, except certain statements of claims due by and to the succession; and does not in any manner show the real situation of the affairs of the succession.
It is perfectly clear that, except as to certain privileged debts, excepted by law, the curator or administrator of a succession cannot pay the debts thereof but in the manner prescribed by law, which is, by applying to the Court of Probates, if he have sufficient funds to pay all the creditors, to be authorized to pay them, according to a statement mentioning the names and places of residence of the creditors, and the several sums due to each; or, in case of insufficiency in the funds, by filing a tableau of distribution of said funds among the creditors, according to the order of their privileges and mortgages, or by contribution among the ordinary creditors, with a prayer to be authorized to pay them according to the tableau. Civ. Code, arts. 1056, 1057, 1058, 1167, 1168, 1169, 1170. Code of Pract. arts. 1053, 1054, 1055. None of these formalities appear to have been complied with in this case, previous to the administrator’s making *48 the payments mentioned in his incomplete account, or provisional tableau.
Under the provisions of an act of the legislature of the 13th of March, 1S37, (Bui. <fc Cur. Dig. 3, § 6, 7,) any creditor of a succession is allowed to file a motion to know whether the executor, administrator or curator, has any funds : and the latter is bound within ten days, to file a true statement of his account with the bank, (wherein the funds are to be deposited, according to the preceding section,) showing the amount of funds collected by him, &c. And it is made the duty of such administrators to render, at least once every twelve months, to the Probate Court, a full, fair and perfect account of their administration, &c., under certain penalties specified in the act.
Taking this law in connection with the articles above referred to, it is manifest, that the intention of the legislature was to give to each of the creditors of successions administered under the supervision of the Courts of Probates, the right of compelling the administrators, not only to show the true situation of the said successions, but also to make a distribution of the funds on hand among the creditors, nay, to pay the debts thereof according to a tableau of distribution presented, after due notice to the creditors, for the homologation of the court. The terms of the first section of the act are positive, that, on no account, shall the administrator remove or withdraw the funds deposited, or any part thereof, until such tableau, of distribution is homologated, or unless said administrator be ordered by a competent court, and then only to pay such debts as may be ordered for payment.
Here, the account filed by the administrator shows that, (except as to a few privileged debts,) certain sums were withdrawn from the mass to pay debts subject to classification, and that those debts were not paid in the manner prescribed by law. This the administrator had no right to do ; and the opposing creditor, whose liquidated claim is not even mentioned in the account, has clearly a right to complain, and to demand that the administrator should be ordered to exhibit his bank ho'ok, to show the amount of money in his hands, and to file .an account, in due form, distributing the same among the creditors. Again, this application may be made by any one of the creditors, at any time, *49 and the administrator is bound to comply with the order of the 'court granted to that effect; and, when funds are to be distributed according to a tableau, or whenever the administrator renders his account, which, according to the terms of the law, must be full, fair and perfect, it is necessary that all the creditors should be duly notified. This was not done in this case.
It has been urged, that the account under consideration, is simply an exhibit of what the administrator has done during his administration, filed according to the sixth section of the law above referred to, and that it does not purport to be a tableau of distribution. It is clear, that it is not a tableau of distribution, since no division of the funds is made between the creditors; but it is equally clear, that it is not made in conformity with the law, as it does not exhibit the exact situation of the estate. Such an account, when rendered, must be submitted to the Probate Court contradictorily with all the creditors, and cannot be homologated ex parte.
We must, therefore, conclude, that the account in dispute cannot be homologated, and that it is the duty of the appellant to comply with the judgment appealed from, within such reasonable time as may be fixed by the court, a qua, after the present judgment shall have been returned to the lower court for execution. We think proper further to remark that, as no improper conduct is charged in the opposition against the administrator, who, so far, appears to have misunderstood the provisions of the law of 1837; and as the prayer made by the appellee in his opposition, is based on the supposition that a bank book was duly kept by the administrator, who is only called on to show the amount of money in his hands belonging to the estate, and to distribute the same among the creditors according to law, we understand that the rejection of the informal account by him filed, shall not preclude him from carrying the sums (by him paid) due to the creditors therein named, on the tableau of distribution to be filed, nor from classing them therein according to their rank, without any regard to the payments heretofore made, except as to the privileged debts, which are to be paid in preference to all others.
It is, therefore, ordered and decreed that the judgment of the Probate Court be affirmed, with costs ; and that this case be re *50 manded to the lower court for further proceedings according to law.
Muse and Meyrick, for the appellant.
C. M. Randall, contra.